UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAMILLE BYLO LEWIS,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>STATE OF NEVADA,<br>　　　　　　　　　　Respondent. | Case No. 2:13-cv-00757-MMD-VCF<br><br>ORDER |

　　　　This matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

　　　　This action initially was docketed as a miscellaneous statutory action. Through administrative error, the matter was not brought up for an internal initial review promptly following its filing.

　　　　Petitioner commenced the action by filing only an unsigned one-page notice of appeal from a final order entered by the Supreme Court of Nevada on July 26, 2012. Petitioner submitted a cover letter reflecting that she had mailed the notice instead first to the state district court but that it had been returned. Petitioner did not pay the filing fee or submit a pauper application. Petitioner named the State of Nevada, which is not subject to suit in federal court due to state sovereign immunity.

　　　　It would appear following review of the state courts' online docket records that petitioner is seeking to pursue federal relief following upon a July 26, 2012, state supreme court order affirming the denial of her state post-conviction petition. Petitioner mailed the present federal papers for filing on or after April 23, 2013. At that time,

absent tolling, delayed accrual, or a showing of actual innocence, the one-year federal limitation period would putatively expire on its face three (3) months later on or about July 30, 2013.[1] The limitation period thus putatively expired without this Court having promptly brought the matter up for review and addressed the deficiencies in the papers with time still remaining in the limitation period for petitioner to correct the deficiencies and timely present federal habeas claims.

The Court expresses no opinion at this juncture as to whether the circumstances presented would establish a possible basis for, *inter alia*, equitable tolling, singly or perhaps in combination with other factors. However, the Court finds that the interests of justice warrant the provisional appointment of counsel, taking into account: (a) the Court's failure to promptly address the matter due to an atypical and anomalous administrative error;[2] (b) the substantial sentence of 10 to 25 years pursuant to a habitual criminal adjudication coupled with petitioner's current age, pursuant to which she would be in her early sixties prior to the possibility of parole, then with a substantial sentence tail; and (c) the complexity of the potential procedural and substantive issues that may arise based upon the state and federal writ history.

The Court accordingly will provisionally appoint counsel, subject to satisfaction of the filing fee requirement, on a pauper application or otherwise, and confirmation of

---

[1] The online docket records of the state courts reflect the following, in Case No. C260628 in the state district court and No. 58762 in the state supreme court. Petitioner Camille Lewis was convicted, pursuant to a guilty plea, of grand larceny and sentenced as a habitual criminal under the "large" Nevada habitual criminal statute. The judgment of conviction was filed on April 16, 2010. Petitioner did not file a direct appeal, and the time for doing so expired on May 17, 2010. After twenty-two (22) days had passed, petitioner filed a state post-conviction petition on June 8, 2010, with proceedings on the petition pending through the issuance of the remittitur in the state supreme court on August 21, 2012. Taking into account (a) commencement of the limitations period after May 17, 2010, under 28 U.S.C. § 2244(d)(1)(A) and (b) statutory tolling during the pendency of the state petition under § 2244(d)(2), it would appear that the federal limitation period putatively expired on July 30, 2013.

[2] *Cf. Sossa v. Diaz*, 729 F.3d 1225, 1229-35 (9th Cir. 2013)(equitable tolling based instead on court action affirmatively misleading a petitioner); *but cf. Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (ignorance of the law and *pro se* status otherwise is not a basis for equitable tolling).

petitioner's financial eligibility for appointment of counsel.[3] The Court will provide counsel an opportunity to file a counseled amended petition, also naming a proper respondent, prior to adjudicating other issues. Nothing in the Court's action in and of itself implies that the running of the federal limitation period is tolled during the time allowed for counsel to investigate the matter and file an amended petition, including any extensions.

It is therefore ordered that the Clerk of Court shall change the nature of suit code for this action from 890 to 530 to facilitate subsequent handling of the action as a habeas matter.

It is further ordered that counsel is provisionally appointed for petitioner. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within thirty (30) days of entry of this order: (a) satisfying the filing fee requirement for a federal habeas action, either by paying the $5.00 filing fee or submitting a properly completed pauper application; and (b) otherwise submitting a current inmate account statement and financial certificate confirming her financial eligibility for appointment of counsel if she does not submit a pauper application.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court will appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance.  The Court anticipates setting the deadline, taking into account the discussion herein, for approximately one hundred twenty (120) days from entry of the formal order of appointment.  Petitioner potentially also will be able to file a motion for a stay with the

---

[3]The Court notes that petitioner was appointed counsel in state court proceedings up through early 2013 based upon indigence.

amended petition if it includes unexhausted claims. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting claims.

It is further ordered, so that the ultimate respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of her papers), the Nevada Attorney General, and the Federal Public Defender.

The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 24th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE