1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                 * * *

9    CAMILLE BYLO LEWIS,                    Case No. 2:13-cv-00757-MMD-VCF

10                            Petitioner,              ORDER
           v.
11
     STATE OF NEVADA,
12
                           Respondents.
13

14         This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15   Petitioner filed a counseled first amended petition. (Dkt. no. 7.) Before the Court is

16   respondents' motion to dismiss the petition as untimely. (Dkt. no. 9.) Petitioner opposed

17   (dkt. no. 12), and respondents replied (dkt. 13).

18   I.    PROCEDURAL HISTORY AND BACKGROUND

19         On December 24, 2009, the State filed a criminal information charging petitioner

20   Camille Bylo Lewis ("petitioner") and a co-defendant with one count grand larceny

21   (exhibits to first amended petition, dkt. no. 7, Exh. 6).[1] The information contained a

22   notice of the State's intent to sentence petitioner as a habitual offender pursuant to NRS

23   207.010. *Id.*

24         On April 16, 2010, petitioner was convicted of the count pursuant to a guilty plea.

25   (Exh. 11.) She was adjudicated a habitual criminal and sentenced to ten to twenty-five

26   years. (*Id.*)

27         _____
           [1]All exhibits referenced in this order are exhibits to the amended petition, dkt. no.
28   7, and are found at dkt. no. 8.

Petitioner did not appeal. On June 8, 2010, petitioner filed a state postconviction petition in state district court, and she filed a counseled supplemental petition on October 5, 2010. (Exhs. 13, 20.) The district court denied the petition, the Nevada Supreme Court affirmed the denial of the petition on July 26, 2012, and remittitur issued on August 21, 2012. (Exhs. 24, 38, 39.)

On April 30, 2013, this Court received petitioner's *pro se*, unsigned document, which she styled and entitled it as a "notice of appeal", stating "[petitioner] hereby appeals to the United States District Court from the final judgment/order issued by the Nevada Supreme Court entered the 26th day of July, 2012." (Dkt. no. 1-1.)  As this Court has explained previously, this action initially was docketed as a miscellaneous statutory inquiry and was not brought up promptly for internal review following its filing. (S*ee* dkt. no. 2.) When the Court recognized that the filing might be an attempt to initiate a federal habeas action, the Court appointed the Federal Public Defender. (*Id.*) The Court explicitly stated that it was expressing no opinion as to any possible bases for equitable tolling. (*Id.)* Petitioner filed a counseled first amended petition on October 23, 2014. (Dkt. no. 7.) Respondents have filed a motion to dismiss the amended petition as untimely. (Dkt. no. 9.)

II.     **LEGAL STANDARDS**

     A.     **AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he or she can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance

stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. The petitioner accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his or her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

### B.   Relation Back

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of

a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n. 5.

## III.   INSTANT PROCEEDINGS

The parties do not dispute that petitioner had ninety-eight days of the limitations period remaining when the Court received the document entitled "notice of appeal" on April 30, 2013 (*see* dkt. no. 9 (setting forth statute of limitations calculations, at 3-4); dkt. no. 12 at 4; dkt. no. 13). Petitioner, through counsel, filed what has been referred to as a first amended petition on October 23, 2014 (dkt. no. 7); that petition was filed far beyond the limitations period, which expired on August 30, 2013. That petition is thus untimely under 28 U.S.C. § 2244(d)(1)(A) unless it relates back to a timely-filed petition. Respondents have moved to dismiss it on the basis that it does not. (Dkt. no. 9.)

### A.   Relation Back

First, petitioner argues that her *pro se* April 30, 2013, filing should be construed as a federal postconviction petition. Second, petitioner argues that the claim in the first amended petition relates back to that original petition and is therefore timely (dkt. no. 12 at 4-8).

Petitioner contends that her *pro se* original filing should be liberally construed as a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. *Id.* at 4. The handwritten filing was titled "Notice of Appeal" and stated, in its entirety:

> Notice is hereby given that petitioner, Camille Bylo Lewis in the above named case, hereby appeals to the United States District Court from the final judgment order/issued by the Nevada Supreme Court entered the 26th day of July, 2012.

(Dkt. no. 1-1.) Petitioner indicated that it was submitted in *propia persona* and printed her name but did not sign it. This document is insufficient to initiate an action in this Court. The Court should construe *pro se* filings more liberally, however, all petitioners, including *pro se* litigants, are required by Rule 2(c) of the Rules Governing Section 2254 Cases to "specify all grounds for relief available to the petitioner" and "state facts

4

supporting each ground." Petitioner's filing sets forth no factual allegations, no claims, or requests for relief whatsoever, and does not even identify the case about which she sought to appeal.[2] Petitioners are also required to use the form required by this Court, which is available to *pro se* litigants, including inmates. LSR 3-1. Petitioner further failed to pay the filing fee or submit a completed application to proceed *in forma pauperis*. LSRs 1-1, 1-2. The sole defendant she named was the State of Nevada, which is not subject to suit in federal court due to state sovereign immunity.

Petitioner is correct that Rule 10(c) of the Federal Rules of Civil Procedure permits incorporation of facts and claims from other documents attached to a habeas petition. That is of no moment here, however, because petitioner did not attach any state-court documents or any other documents to her original filing. This Court concludes that petitioner's original filing was insufficient to commence a habeas action in this Court, and, therefore, the claim in the first amended petition cannot relate back to the original filing. The so-called first amended petition is, therefore, untimely.

### B.   Equitable Tolling

Next, petitioner argues that, if the Court determines that the first filing cannot be fairly construed as a habeas petition, petitioner should be entitled to equitable tolling (Dkt. no. 12 at 8.) Petitioner argues that administrative error by this Court will unfairly prejudice petitioner, absent equitable tolling. (Id. at 10.)

These arguments are unavailing. Petitioner's original filing was timely, but she failed to file a habeas petition, pay the filing fee, or submit a completed application to proceed *in forma pauperis.* The sole defendant she named was an improper defendant. It was unclear what type of case petitioner sought to initiate or what type of case served as the basis of her "appeal," and therefore, it was not docketed as a habeas action. Petitioner then took no action whatsoever for fifteen (15) months. Pursuant to an

---

[2]While not determinative, the Court notes that the Clerk of Courts — experienced in handling *pro se* filings — did not discern that petitioner's notice of appeal was an attempt to initiate a habeas action, and therefore, did not docket it as such.

internal review, as well as research of the Nevada state-court docket, the Court then determined that petitioner likely intended to seek federal habeas relief. This Court then appointed counsel out of an abundance of caution.

Petitioner has utterly failed to demonstrate that she has been pursuing her rights diligently, and that some extraordinary circumstance stood in her way and prevented timely filing. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013), quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012). In *Sossa*, the Ninth Circuit stated that "the requirement that extraordinary circumstances stood in [her] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." 729 F.3d at 1229 (internal quotations and citations omitted). However, in that instance, the petitioner had sought and obtained extensions of time to file an amended petition. *Id.* at 1231-1232. Here, petitioner was not affirmatively misled by this Court in any manner. In fact, despite petitioner's arguments, petitioner's case is more akin to the petitioner in *Raspberry v. Garcia*, where the Ninth Circuit reaffirmed that district courts do not have an affirmative obligation to act as counsel to a *pro se* litigant or to explain all nuances of federal habeas timelines and procedure. 448 F.3d 1150, 1154 (9th Cir. 2006). The Court does not have an affirmative duty to counsel petitioner or to do any research to ascertain the nature of petitioner's initial filing.

This Court agrees that petitioner has failed to meet the "very high" threshold required to trigger equitable tolling, which must be adhered to, lest the exceptions swallow the rule. *Miranda*, 292 F.3d at 1066; Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). Petitioner does not identify any extraordinary circumstances that actually prevented her from filing a timely federal habeas petition. The cause of petitioner's untimeliness is that she failed to file a federal habeas petition. Nor has petitioner demonstrated diligent efforts on her part to file a federal habeas petition; she simply mailed a one-page notice of appeal to this Court and took no further action whatsoever.

1  Equitable tolling is an extraordinary remedy, and this Court concludes that petitioner is

2  not entitled to such remedy.

3         In conclusion, petitioner's original filing in this case cannot be fairly construed as

4  a federal petition. Therefore, as the purported first amended petition was filed outside

5  the one-year limitations period, the claim in that petition does not relate back and is

6  untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse

7  the statute of limitations. Because the federal habeas petition was untimely filed, and

8  because petitioner is not entitled to statutory or equitable tolling, this action must be

9  dismissed.

10  **IV.    CERTIFICATE OF APPEALABILITY**

11         In order to proceed with an appeal, petitioner must receive a certificate of

12  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v.*

13  *Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236

14  F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial

15  showing of the denial of a constitutional right" to warrant a certificate of appealability.

16  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The

17  petitioner must demonstrate that reasonable jurists would find the district court's

18  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

19  U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of

20  demonstrating that the issues are debatable among jurists of reason; that a court could

21  resolve the issues differently; or that the questions are adequate to deserve

22  encouragement to proceed further. *Id.* Pursuant to Rule 11(a) of the Rules Governing

23  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of

24  appealability in the order disposing of a proceeding adversely to the petitioner or

25  movant, rather than waiting for a notice of appeal and request for certificate of

26  appealability to be filed. This Court has considered the issues raised by petitioner, with

27  respect to whether they satisfy the standard for issuance of a certificate of appealability,

28  ///

and determines that none meets the standard. The Court will therefore deny petitioner a certificate of appealability.

**V.    CONCLUSION**

It is therefore ordered that respondents' motion to dismiss the petition as untimely (dkt. no. 9) is granted.

It is further ordered that petitioner's two unopposed motions for enlargement of time (dkt. nos. 10 and 11) are both granted *nunc pro tunc*.

It is further ordered that a certificate of appealability is denied

DATED THIS 21st day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE