# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAMILLE BYLO LEWIS,<br><br>                   Petitioner,<br>     v.<br>STATE OF NEVADA, et al.,<br><br>                   Respondents. | Case No. 2:13-cv-00757-MMD-VCF<br><br>ORDER |

On August 21, 2015, this Court granted respondents' motion to dismiss this counseled first-amended 28 U.S.C. § 2254 habeas corpus petition as time-barred (ECF No. 14). Petitioner Camille Bylo Lewis filed a notice of appeal, and the Ninth Circuit Court of Appeals granted a certificate of appealability (ECF Nos. 15, 17). On May 19, 2017, the court of appeals reversed and remanded, concluding that Lewis is entitled to equitable tolling (ECF No. 18). Accordingly, the Court now sets a briefing schedule.

It is therefore ordered that respondents will file a response to the petition, including a motion to dismiss, within ninety (90) days of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.

Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. Any additional exhibits filed shall continue sequentially from the exhibits already filed in this case.

It is further ordered that the parties must send courtesy copies of all exhibits to the Reno Division of this Court. Courtesy copies must be delivered to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the address label. Additionally, in the future, all parties must provide courtesy

///

///

copies of any additional exhibits submitted to the Court in this case, in the manner described above.

DATED THIS 19th day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE