UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAMILLE BYLO LEWIS,<br><br>        Petitioner,<br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>        Respondents. | Case No. 2:13-cv-00757-MMD-VCF<br><br>ORDER |

Petitioner Camille Bylo Lewis' counseled first-amended 28 U.S.C. § 2254 habeas corpus petition is before the Court on Respondents' motion to dismiss ("Motion"). (ECF No. 28.) Based on the briefing relating to the Motion (*id.*; ECF Nos. 31, 32), the parties now agree that the petition is exhausted, and the single ground should be briefed on the merits. Accordingly, the Motion is denied.

The Court provides a brief background and procedural history of the case. On January 14, 2010, Lewis pleaded guilty to grand larceny (exhibit 9 to first-amended petition).[1] On April 15, 2010, the state district court sentenced Lewis as a large habitual criminal to a term of 10 to 25 years. (Exh. 11.) Judgment of conviction was filed on April 16, 2010. (*Id.*)

Lewis did not appeal. She filed a state postconviction habeas corpus petition arguing that her counsel was ineffective for failing to advise her that the state was seeking

///

///

---

[1] Exhibits references in this order are exhibits to Petitioner's first-amended petition, ECF No. 7, and are found at ECF No. 8.

habitual criminal treatment. (Exhs. 13, 20.) The state district court denied the petition, and the Nevada Supreme Court affirmed. (Exhs. 24, 38.)

This Court received a filing styled as a notice of appeal from Lewis about April 30, 2013. (ECF No. 1.) Ultimately, this Court appointed counsel, Lewis filed a counseled first-amended petition, and Respondents filed the Motion at issue here.

However, after the filing of the Motion, the parties now agree that Lewis' sole ground for relief in this federal petition—that her counsel was ineffective for failing to advise Lewis that the state intended to seek habitual criminal treatment and for failing to explain the consequences of the guilty plea in violation of her Sixth and Fourteenth Amendment rights to effective assistance of counsel—is exhausted and should be briefed on the merits. (ECF Nos. 28, 31, 32.) Accordingly, the motion to dismiss is denied.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 28) is denied as set forth in this order.

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the amended petition. The answer must contain all substantive and procedural arguments as to all grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that Petitioner's motion to extend time to file an opposition to the petition (ECF No. 30) is granted *nunc pro tunc*.

DATED THIS 30th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE